UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
Salon America, Inc., d/b/a      )
Music City Event Center,        )          Case No. 11-11409
                                )
          Debtor.               )
                                )

<u>OPINION AND ORDER</u>

This case came before the court on November 29 and December 6, 2011, for hearing on a motion filed by Freeman Phillips Partnership seeking relief from the automatic stay in order to enforce an order for possession of real property located at 7700 Boeing Road, Greensboro, North Carolina ("the Motion"). Samantha K. Brumbaugh appeared on behalf of the Debtor, Salon America, Inc., and J. Alexander Barrett and Jason B. Buckland appeared on behalf of Freeman Phillips Partnership ("Freeman Phillips"). Having considered the Motion, the Debtor's objection to the Motion, the evidence offered by the parties, the legal memoranda submitted by the parties and the arguments of counsel, the court finds and concludes as follows:

FACTS

The Debtor and Freeman Phillips are parties to a commercial lease agreement under which certain nonresidential real property located at 7700 Boeing Road, Greensboro, North Carolina ("the Leased Premises"), was leased to the Debtor for a period of five years commencing on April 1, 2009 ("the Lease").

The rent under the Lease began at $8,000 per month in April of 2009, and increases on each anniversary of the commencement date in accordance with increases in the Consumer Price Index. The Lease specifies that all rent "shall be due and payable on the first (1st) day of each month, in advance."

It is undisputed that during 2010, the Debtor defaulted in making the rental payments called for under the Lease and by December of 2010, the past due and accrued rent totaled $45,685. When the past due rent was not paid, Freeman Phillips sent a letter to the Debtor on March 22, 2011, which stated:

> This letter shall serve as notice that you are in default of your lease agreement as per paragraph twenty for nonpayment of rental, as per paragraph 8 for not providing landlord with a certificate of insurance and items 3 and 9 of exhibit b, "rules and regulations". You currently owe Freeman Phillips Partnership $50,035.00 in past due rental, late fees, etc.

> We shall proceed with our rights as outlined in paragraph 21 of your lease agreement. Please call with any questions.

On March 28, 2011, Freeman Phillips commenced an action for summary ejectment in the small claims section of the District Court of Guilford County to recover possession of the Leased Premises pursuant to N.C. Gen. Stat. § 42-26. The requested relief was granted after a trial before the Magistrate and the Debtor appealed to the District Court. A trial was held in the District Court which resulted in a judgment on September 6, 2011, ordering that the Debtor be removed from the Leased Premises for nonpayment of

rent and that Freeman Phillips be put in possession of the Leased Premises.

On September 15, 2011, the Debtor filed a petition in this court seeking relief under chapter 11 of the Bankruptcy Code. The Motion was filed on November 11, 2011. In the Motion, Freeman Phillips asserts that the Lease was terminated prior to the commencement of this case and that as a result, there is cause to grant relief from the automatic stay. The relief sought by Freeman Phillips is a modification of the automatic stay to the extent necessary to allow Freeman Phillips to pursue its state law eviction rights against the Debtor. In the objection to the Motion, the Debtor denies that the Lease was terminated prior to the commencement of this case and argues that the Motion therefore should be denied.

### ANALYSIS

The issue to be decided in this proceeding is whether the Lease was terminated prior to the commencement of this case. This issue is decisive because under section 365(c)(3), a nonresidential lease that has been terminated under applicable nonbankruptcy law prior to the commencement of the bankruptcy case cannot be assumed by the trustee or chapter 11 debtor. See generally 3 Collier on Bankruptcy ¶ 365.07[3](16th ed. rev. 2011). The applicable nonbankruptcy law in this case is North Carolina law.

It is undisputed that an "event of default" on the part of the

- 3 -

Debtor occurred prior to the March 22 letter that was sent to the Debtor by Freeman Phillips.  Under paragraph 20 of the Lease, an event of default under the Lease occurs if the "Tenant shall fail to pay any installment of the rent hereby reserved when due, and such failure shall continue for a period of ten days after the date such installment was due."  Although the Debtor admits that such a default occurred, the Debtor denies that the Lease was terminated following such default based upon an asserted failure on the part of Freeman Phillips to notify the Debtor that it was terminating the Lease.

While admitting that it received the March 22 letter in which Freeman Phillips stated that it had elected to "proceed with our rights as outlined in paragraph 21" of the Lease, the Debtor argues that no termination occurred because the letter did not specifically refer to termination of the Lease.  Debtor's argument fails to take into account the express language of the Lease.  The remedies available to Freeman Phillips upon a default by the Debtor are described in paragraph 21 of the Lease and clearly include termination of the Lease upon an event of default.  Specifically, under paragraph 21, upon the occurrence of any event of default, the remedies available to the landlord include:

> a.  Terminate this lease, in which event Tenant shall immediately surrender the Premises to Landlord, and if Tenant fails to do so, Landlord may, without prejudice to any other remedy which it may have for possession or arrearages in rent, enter upon and take possession of the Premises and expel or remove Tenant and any other person

- 4 -

who may be occupying such Premises or any part thereof, by any lawful means, without being liable for prosecution or any claim of damages therefor; and Tenant agrees to pay to Landlord on demand the amount of all loss and damage which Landlord may suffer by reason of such termination, whether through inability to relet the Premises on satisfactory terms or otherwise, including without limitation the amounts that would have been due Landlord hereunder but for said termination.

Moreover, and of particular significance, paragraph 21 also provides that Freeman Phillips may pursue any one or more of its remedies "without any notice or demand whatsoever, any right to notice or demand being hereby waived by Tenant . . . ." In Crabtree Avenue Investment Group, LLP v. Steak and Ale of North Carolina, Inc., 611 S.E.2d 442 (N.C. Ct. App. 2005), the lease at issue contained language identical to the language in the present case. The only notice given by the landlord in that case prior to instituting a summary ejectment proceeding was a letter stating that two months rent had not been paid when due. On appeal from an order of ejectment by the district court, the tenant argued that there had been insufficient notice for the lease to be terminated. Id. at 444. In rejecting this argument, the court of appeals first observed that the Crabtree Avenue case was different and distinguishable from cases such as ARE-100/800/801 Capitola, Inc. v. Triangle Laboratories, LLC, 550 S.E.2d 31 (N.C. Ct. App. 2001), in which the lease contained language requiring the landlord to give notice of the remedy that it was pursuing. The court held that the language in the Crabtree Avenue lease contained no such

- 5 -

requirement and affirmed the judgment in favor of the landlord, stating:

> In contrast, the lease in the instant case did not require <u>any</u> notice of termination. Rather, plaintiff could effectively terminate the lease <u>without</u> <u>notice</u> following defendant's failure to pay rent within 10 days of written demand for rent past due.

611 S.E.2d at 444. (emphasis supplied by the court).

The decision in <u>Crabtree Avenue</u> is consistent with the earlier decision of the North Carolina Supreme Court in <u>Midimis v. Murrell</u>, 128 S.E. 150 (N.C. 1925), which involved a lease providing that upon a failure to make rent payments "the lessor, at his option, may declare this lease null and void." <u>Id.</u> at 151. In affirming a judgment in favor of the landlord even though no notice of termination had been given before the landlord filed for summary ejectment, the court noted that the provision allowed the landlord to treat the lease as void upon a default in payment of the rent and held:

> Hence the default in the payment of the weekly installment gave the plaintiff the right to invoke the aid of the court in summary ejectment. The plain stipulations of the parties fixed this default as the event, upon the happening of which, the tenancy terminated. Both parties to the lease had full notice of its terms.

<u>Id.</u>

Based upon the explicit language of paragraph 21 of the Lease, Freeman Phillips was not required under the applicable North Carolina law to give notice that it was terminating the Lease as a

- 6 -

result of the Debtor's default.   Freeman Phillips nonetheless informed the Debtor in the March 22 letter that it was going to pursue the remedies described in paragraph 21 of the Lease which expressly included termination of the Lease.   The Debtor's argument that the conduct of Freeman Phillips was inconsistent with having terminated the Lease or that Freeman Phillips waived the right to do so is without merit.   Following the Debtor's default, Freeman Phillips instituted and pursued a summary ejectment proceeding seeking relief pursuant to N.C. Gen. Stat. § 42-26 that is available only where the tenant "has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased."   See N.C. Gen. Stat. § 42-26(a)(2).   Such a filing was entirely consistent with the Lease having been terminated. Debtor's argument that Freeman Phillips waived the right to terminate the Lease by accepting rental payments also is without merit.   Apart from the fact that all of the rent checks were returned to the Debtor without being negotiated or deposited, the Lease contains a non-waiver provision that provides that the landlord's "acceptance of the payment of rental or other payments hereunder after the occurrence of an event of default, regardless of Landlord's knowledge at the time of such preceding event of default, shall not be construed as a waiver of such default. . . ." Thus, even if Freeman Phillips had retained the rent payments that were received after the Debtor defaulted, the Debtor would be faced

with the non-waiver provision that was agreed to in the Lease.  See Long Drive Apartments v. Parker, 421 S.E.2d 631, 634 (N.C. Ct. App. 1992); Martin v. Ray Lackey Enters., Inc., 396 S.E.2d 327, 333 (N.C. Ct. App. 1990).

As a result of the Lease having been terminated prior to the commencement of this case, section 365(c)(3) of the Bankruptcy Code precludes the Debtor from assuming or assigning the Lease.  That being the case, there is cause to modify the automatic stay since no bankruptcy relief is available regarding the Lease. Accordingly, the automatic stay should be modified to the extent necessary to allow Freeman Phillips to pursue its state law rights to obtain possession of the Leased Premises.

IT IS SO ORDERED.

This 9th day of December, 2011.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

- 8 -